**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM BROWN, JR.. | : | Civil Action No. 03-4154 (JAG) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ROY L. HENDRICKS, | : | |
| | : | |
| Respondent. | : | |

**APPEARANCES:**

> WILLIAM BROWN, #187619A
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625
> Petitioner Pro Se

> STEVEN E. BRAUN, Chief Assistant Prosecutor
> JAMES F. AVIGLIANO, Passaic County Prosecutor
> 401 Grand Street
> Paterson, New Jersey  07505

**GREENAWAY, JR.**, District Judge

William Brown, Jr., serving a life sentence for murder, filed a Petition for a Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2254(a), challenging his conviction by the Superior

Court of New Jersey, Passaic County, on February 28, 1985.  Respondents filed a motion seeking

dismissal of the Petition, pursuant to 28 U.S.C. § 2244(d)(1), as barred by the one-year statute of

limitations.  For the reasons expressed below, this Court grants the motion, dismisses the Petition

as untimely, and declines to issue a certificate of appealability.

## I.  BACKGROUND

The facts relevant to the statute of limitations are undisputed.  Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Law Division, Passaic County, on February 28, 1985, after a jury found him guilty of  murder, conspiracy to commit murder, forgery, attempted theft, and conspiracy to commit theft by deception.  The Law Division sentenced Petitioner to a life sentence, with a 20-year period of parole ineligibility.  The Appellate Division affirmed the conviction and the New Jersey Supreme Court denied his petition for certification on December 19, 1988.  Petitioner did not seek review before the Supreme Court of the United States.

On August 28, 1995, Petitioner filed a pro se motion in the Law Division for a new trial based on newly discovered evidence,  pursuant to N.J. Court Rule 3:20-2.  The Law Division denied the motion on January 31, 1996.  On August 12, 1999, he filed a second motion for a new trial, which the Law Division denied on November 16, 1999.  The Appellate Division denied Petitioner's appeal on June 13, 2002, and the New Jersey Supreme Court denied his petition for certification on October 17, 2002.

Petitioner signed the § 2254 Petition, which is now before this Court, on August 9, 2003.[1] The Clerk received it on September 2, 2003.  After this Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and to file one all-inclusive

---

[1] See Houston v. Lack, 487 U.S. 266 (1988); Burns v. Morton, 134 F.3d 109 (3d Cir. 1998).

2

Petition, pursuant to <u>Mason v. Meyers</u>, 208 F.3d 414 (3d Cir. 2000), Petitioner asked this Court to proceed with the Petition as filed.

The Petition raises six grounds for relief:  (1) Defendant's motion for judgment of acquittal was improperly denied; (2) the court erred during the selection of the jury in its handling of the question concerning racial prejudice; (3) the trial court erred in permitting the jurors to take notes of the trial and in failing to instruct the jury as to the proper use of the procedure; (4) the trial court committed error in not questioning jurors as to alleged improprieties which occurred during trial and in jury deliberations; (5) a mistrial should have been granted following co-counsel's question regarding defendant's participation in plea bargaining; and (6) the trial court's denials of those parts of defendant's motion for a new trial based on newly discovered evidence, which denials relied on evidence produced at a hearing of which defendant had no notice or opportunity to be heard or to present evidence, denied the defendant his constitutional rights to procedural due process.  With leave of Court, Respondent filed a motion to dismiss the Petition as time barred.  <u>See</u> 28 U.S.C. § 2244(d)(1).  Petitioner filed a reply in which he argues that the Court should deny the motion to dismiss the Petition as time barred.

## II.  DISCUSSION

A.  Statute of Limitations

On April 24, 1996, Congress enacted the AEDPA, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  Under § 2244(d), the limitations period runs from the latest of

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
...

28 U.S.C. § 2244(d)(1).

The statute of limitation is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

In this case, there is no dispute that the applicable limitations provision is set forth in § 2254(d)(1)(A).  Because Petitioner's conviction became final in 1989 prior to the enactment of the AEDPA, Petitioner's 365-day limitations period began to run on April 24, 1996.[2]  The 365-day limitations period expired on April 23, 1997, 840 days before Petitioner filed his second

---

[2] Where a conviction became final prior to the effective date of the AEDPA on April 24, 1996, the petitioner has a grace period of one-year after the effective date of the AEDPA to file his § 2254 petition, or until April 23, 1997.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

motion for a new trial in the Law Division of the Superior Court of New Jersey.[3] (Pet. ¶ 11.)  The

Petition is untimely because Petitioner did not file it until August 9, 2003, outside the one-year

limitations period, which ended on April 23, 1997.

Petitioner argues in his opposition to the motion to dismiss that the Petition is timely

because "his final decision was not rendered in this matter until October 17, 2002," and he filed

the Petition within one year on August 9, 2003.  (Certif. of William Brown, Jr. ¶ 3.)  Petitioner's

argument is without merit.  The statute of limitations period begins to run under § 2244(d)(1)(a),

from "the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1).  The limitations period

does not begin to run, as Petitioner suggests, on the date on which the State court's denial of a

motion for a new trial became final.  See Kapral v. United States, 166 F.3d 365, 575 (3d Cir.

1999) ("To summarize, we hold that a 'judgment of conviction becomes final' . . . on the later of

(1) the date on which the Supreme Court affirms the conviction and sentence on the merits or

denies the defendant's timely filed petition for certiorari, or (2) the date on which the defendant's

time for filing a timely petition for certiorari review expires.")

Although the statute of limitations under § 2244(d) is subject to equitable tolling, see

Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005); Merritt v. Blaine, 326 F.3d 157, 161 (3d

Cir. 2003); Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998), Petitioner

does not contend that equitable tolling is warranted and his papers do not present facts which

might support an equitable tolling argument.  Under these circumstances, the statute of

---

[3] Because Petitioner's second motion for a new trial was filed after the 365-day
limitations period expired, there was nothing left on the limitations period to be tolled.

limitations expired on April 23, 1997, and the Petition is time-barred.  Accordingly, this Court will grant Respondents' motion and dismiss the Petition as untimely.


B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the Supreme Court of the United States held:  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.   In this case, a certificate of appealability is not warranted because jurists of reason would not find the Court's dismissal of the Petition as untimely debatable or incorrect.

## III.  CONCLUSION

Based on the foregoing, this Court grants Respondents' motion to dismiss, dismisses the Petition as untimely, and declines to grant a certificate of appealability.


 S/Joseph A. Greenaway, Jr.
 JOSEPH A. GREENAWAY, JR., U.S.D.J.


DATED:   May 31  , 2005

6